IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
August 9, 2006

CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| MIDTEXAS INTERNATIONAL CENTER, INC. | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CIVIL ACTION NO. 3:05-CV-1957-R |
| CAMERON A. MYRONOWICZ, ET AL., | § § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Stay or Dismiss (filed March 3, 2006) (Dkt. No. 19). After careful consideration of all parties' submissions, and the law applicable to the issues before the Court, Defendant's Motion is GRANTED.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

MidTexas, a Texas corporation with its principal place of business in Ellis County, Texas, operates an industrial park facility comprised of approximately 600 acres in Midlothian, Texas (the "Center). Since 1982, MidTexas has used the Center to store, process, and redistribute motor vehicles by truck and by rail. Over the years, MidTexas made improvements to the Center using money transfers it received from Firestone Financial Corporation ("Firestone").[1] MidTexas and Firestone never entered loan agreements; instead, Firestone claims

---

[1] The Plaintiffs in this case claim that these transfers were actually loans. (Pl.'s Am. Resp. at 2). Since the Defendants dispute this characterization, the Court refers to the more neutral term, "transfer."

**MEMORANDUM OPINION AND ORDER – PAGE 1**

it set up accounts which were debited as advances were made to MidTexas and credited as MidTexas paid back the transfers. (Pl.'s Am. Resp. at 2).

On February 16, 2005, various irrevocable trusts established in 1986 (the "Trusts"), the individual beneficiaries of the Trusts, and Firestone Financial Corporation, a California S Corporation ("Firestone") (collectively, the "Firestone parties" or "Defendants"), filed suit against MidTexas and eleven other related individuals and entities (the "MidTexas Parties") in the Superior Court of the State of California in Pasadena, California, case styled *Cameron A. Myronowicz et al. v. Jonathan Lorman et al.*, Case No. GP011111 (the "Pasadena lawsuit"), alleging that the money transfers made by Firestone were wrongful transfers that deprived the Defendants of assets to which they were entitled. The Firestone parties sued under various causes of action, including: breach of fiduciary duty, breach of trust, fraud and deceit, conversion, unfair competition, conspiracy to breach fiduciary duty and trust and to commit conversion and unfair trade practices, breach of contract, unjust enrichment, negligence, aiding and abetting, promissory estoppel, and fraudulent transfers. (App. pp. 7-39). The Defendants sought monetary damages in addition to a constructive trust, an equitable lien, and injunctive relief. (App. pp. 37-38).

On April 14, 2005, the Defendants filed notice of *lis pendens* (the "*Lis Pendens*") against seven properties either owned by MidTexas or owned for the beneficial interest of MidTexas in Ellis County, Texas (the "Texas Properties"). (App. pp. 70-87). Several of the parties in the Pasadena Lawsuit challenged the jurisdiction of the Pasadena Probate Court. In light of MidTexas's jurisdictional challenge, the Pasadena Court "denied" jurisdiction on a large portion of the Pasadena lawsuit (the "Remaining Claims") for want to subject matter jurisdiction. (App.

Pp. 97-98).[2] Two claims were not denied: an action to remove Jonathan Lorman ("Lorman") as trustee of the 1986 Trusts and an action accounting of the 1986 Trusts. (App. pp. 91, ¶9, 97-100). Those issues were transferred to Probate Court in Orange County, California by the Pasadena Court. (App. pp. 98). The *Lis Pendens* were not removed from the Texas Properties.

On June 27, 2005, the Defendants filed the Remaining Claims against MidTexas and fifteen other named parties in Orange County, California District Court, case styled *Firestone Financial Corporation et al. v. Jonathan Lorman et al.*, case no. 05CC07650 (the "California Lawsuit"). In essence, the Firestone Parties claim that Lorman took advantage of his position with respect to the assets of the Trusts and conspired with Denton, MidTexas, and others to defraud the Trusts out of $17 million. (App. pp. 7-47). Specifically, the California Lawsuit alleges eighteen causes of action, including: fraud, fiduciary breach, breach of trust, conspiracy to commit fraud, breach, fiduciary duties and breach trust, breach of contract, constructive trust, fraudulent transfers, and single business enterprise. The Defendants requested that the Plaintiffs accept service of the amended complaint on July 18, 2005, and the Plaintiffs agreed to accept service by letter dated August 17, 2005. (*See* App. 64-67).

The California intermediate court of appeals denied MidTexas's challenge to personal jurisdiction over it. (App. p. 68). MidTexas petitioned for review by the Supreme Court of

---

[2] In their filings, the Plaintiffs claim that the Remaining Claims were dismissed. (Pl.'s Am. Resp. at 3). The Defendants assert that the Pasadena Court deferred ruling on the jurisdictional challenge for want of subject matter jurisdiction, and did not expressly dismiss the Remaining Claims. (Def.'s Reply at 2). The Minute Order itself states that the remaining claims were "Denied Without Prejudice for lack of subject matter jurisdiction." (App. p. 97).

California, which denied the petition for review by order dated February 22, 2006.[3]  The claims are still pending in the California court.

On August 19, 2005, MidTexas filed suit against the Defendants in Ellis County Court for removal of seven of the *Lis Pendens*, to remove cloud on title, and for usury (the "Present Lawsuit").  The Defendants removed the Present Lawsuit to this Court on October 3, 2005 (Dkt. No. 1).

On March 3, 2006, the Defendants filed a Motion to Dismiss or Stay arguing that under the Colorado River abstention doctrine, this case should be abated in favor of the California Lawsuit (Dkt. No. 19)  In the alternative, the Defendant's seeks dismissal pursuant to Federal Rule 12(b)(6).  The motion has been fully briefed by the parties and is ripe for determination.

## ANALYSIS

### I. Colorado River Doctrine Abstention

As a general rule, federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them." *Bank One, N.A. v. Boyd*, 288 F.3d 181, 184 (5th Cir. 2002) (noting that abstention is the exception, not the rule).  A federal court, however, may stay or dismiss a case in favor of a concurrent state court proceeding in "extraordinary and narrow" circumstances based on considerations of " '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Murphy v. Uncle Ben's, Inc.*, 168 F.3d

---

[3] On March 2, 2006, the Defendants requested that the Court take judicial notice of the order denying the petition for review pursuant to Rule 201. (Dkt. No. 18).  The Court does so here.

734, 737 (5th Cir.1999), quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

**A. Parallel Proceedings**

Colorado River abstention is proper only when two conditions are met. First, the state and federal court proceedings must be "parallel." *See Republic Bank Dallas, Natal Assoc. v. McIntosh,* 828 F.2d 1120, 1121 (5th Cir.1987); *see also Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir.1992); *New Beckley Mining Corp. v. International Union, United Mine Workers of America*, 946 F.2d 1072, 1073 (4th Cir.1991), *cert. denied*, 503 U.S. 971 (1992). "A suit is 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Caminiti*, 962 F.2d at 700 (quoting *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir.1988)).

The Plaintiff maintains that the state and federal at issue here are not "parallel" proceedings because, while they involve a related subject matter, they do not involve the same parties or issues. (Pl.'s Am. Resp. at 8-9). The Court disagrees.

In the California Lawsuit, the Defendants are suing MidTexas, in addition to other defendants who are not parties in the Present Lawsuit, under theories arising from their allegations of fraudulent money transfers conspiratorially conceived of and carried out by the named defendants. In the present case, MidTexas filed suit against the Defendants seeking (1) to have the *Lis Pendens* declared improper and removed so as to longer cloud title to the properties; and (2) recovery of monetary damages from the Defendants as a result of the usurious interest charged by Firestone to MidTexas in the monetary transfers.

While the parties in the state and present case are admittedly different, with some defendants in the state case not being present as plaintiffs in the federal case, this is not sufficient to defeat a finding of substantial similarity. Two actions may involve different parties and still be parallel so long as there is a substantial similarity between the two actions. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Caminiti*, 962 F.2d at 700 (finding that the difference in the parties in the federal and state cases is insufficient to destroy the parallel nature of the two proceedings where the proceedings are substantially similar).

The Plaintiff argues that there is no substantia similarity because issues in the two cases are not identical. Exact parallelism, however, is not required for such a finding. *See Republicbank Dallas, Nat'l Assoc. V. McIntosh,* 828 F.2d 1120 (5th Cir. 1987) (acknowledging that there need not be applied in every instance a mincing insistence on precise identity of [parties and issues]); *see also Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir.1998); *McLaughlin v. United Virginia Bank*, 955 F.2d 930, 935 (4th Cir. 1992) (citing *New Beckley Mining Corp. v. International Union*, UMWA, 946 F.2d 1072, 1073 (4th Cir.1991), *cert. denied*, 503 U.S. 971 (1992)); *Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 695 (7th Cir.1984).

The Court is mindful of the fact that "a pending state court action involv[ing] the same subject matter" is not enough to find substantial similarity. *See, e.g., Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops., Inc.*, 48 F.3d 294, 297 (8th Cir.1995). Various factors, however, exist here that create similarity beyond mere subject matter. The *Lis Pendens* are based on the Firestone Parties' express claim in the California Lawsuit to recover the Texas properties. The California Court has jurisdiction over MidTexas, could cancel the Lis Pendens upon proper

showing under Texas statute.  In this way, the resolution of the issues in the state court would effectively dispose of all the claims raised in the federal case.  *See Caminiti*, 962 F.2d at 700 (finding that the state court's potential to dispose of the issues raised in the federal claim was sufficient to defeat a difference in parties in both cases).[4]  Here, both the state and federal court lawsuits are based upon the same factual predicate.  Each of the *Lis Pendens* refers to the California Lawsuit and provides that such action "seeks to establish an interest in certain real property situated in Ellis County, Texas."  (App. p. 2).  MidTexas admits that the present action "arises directly out of [the Firestone Parties'] filings of the [*Lis Pendens*] in Ellis County, Texas" (Texas Petition at 7, ¶ 15) and that the Firestone Parties "sought a constructive trust over 'real estate, assets, improvements, and personal property' purchased by the various entities using funds allegedly wrongfully transferred. . . ."  (Texas Petition at 8 ¶ 18).

The Court also notes that many of the defendants in the California Lawsuit are either agents of MidTexas or have an interest in MidTexas's business.  For example, Lorman is actively involved in the management of MidTexas's business and the business of the MidTexas Related Parties, and Randall Denton ("Denton") is MidTexas's President.  (Def.'s Mot. at 2).

---

[4] "Substantial likelihood" that the state litigation will dispose of all claims presented in the federal case, as the result of the "substantial" identity of parties and issues, as the measure of "parallelism," is borne out by the Supreme Court's observation in *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp*. - there the Court stated "[a]ssuming that for some unexpected reason the state forum does turn out to be inadequate in some respect. . . [a party] could seek to return to federal court if it proved necessary," despite a stay or dismissal pursuant to *Colorado River*, adding that "[i]t is highly questionable whether this Court would have approved a dismissal of a federal suit in *Colorado River* (or in any of the abstention cases [cited] ) if the federal courts did not remain open to a dismissed plaintiff who later demonstrated the inadequacy of the state forum," and "[w]hen a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties."  460 U.S. 1, 28 (1983).

**MEMORANDUM OPINION AND ORDER – PAGE 7**

Here, both the federal and state action involve substantially the same parties and substantially the same issues. That is, the claims in both cases are based upon the same factual predicate and purpose, and the dispute in the federal lawsuit would effectively be resolved by the disposition of the sate court lawsuit.  Therefore, the two cases are "parallel" for purposes of the Colorado River abstention doctrine.

Furthermore, if there were ever any doubt as to whether the concurrent cases at issue were parallel, such doubt would certainly be resolved after considering the factors relevant to the "exceptional circumstances" determination.

## B. Exceptional Circumstances

Notwithstanding the existence of a "parallel" state court proceeding, abstention is not proper unless "exceptional circumstances" exist. *See New Beckley Mining*, 946 F.2d at 1073. The Supreme Court has identified several factors relevant to this determination: (1) the assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Murphy*, 168 F.3d at 738.  No single factor is determinative. *Snap-On Tools Corp. v. Mason*, 18 F.3d 1261, 1264 (5th Cir.1994).  In fact, these factors do not comprise a mechanical checklist - rather, they require "a careful balancing of the important factors as they apply in a given case" depending on the particular facts at hand. *Moses H. Cone*, 460 U.S. at 15-16.

Here, Virtually all of the factors weigh in favor of abstention, and those that don't are neutral at worst. The Court will consider each in turn.

(**1**) **Assumption of Res**

The Present Lawsuit involves res or property over which the state court has taken control. *See Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650-51 (5th Cir.2000) (the absence of this factor weighs against abstention); *Murphy*, 168 F.3d at 738 (same). As the Supreme Court explained, "in cases where a court has custody of property, that is, proceedings in rem or quasi in rem. . . the state or federal court having custody of such property has exclusive jurisdiction to proceed." *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964); *see also Princess Lida v. Thompson*, 305 U.S. 456, 465-68 (1939). The Fifth Circuit agrees, holding in a trespass to try title action that "once a state court, state or federal, has assumed jurisdiction of an in rem or quasi in rem proceeding, then that court may exercise its jurisdiction to the exclusion of any other court. . . ." *Smith v. Humble Oil and Refining Company*, 425 F.2d 1287, 1288 (5th Cir. 1970). Thus, there is a clear rule preventing duplicative proceedings in cases involving real property: the court that acquires jurisdiction first decides the matter.

In the California Lawsuit, the Firestone Parties seek to recover the Texas Properties. The California Lawsuit is, among other things, a "suit for property," *St. Paul Insurance Co.*, 39 F.3d at 590, in which Defendants seek "to establish an interest in certain real property situated in Ellis County, Texas. . . and. . . seek[] the declaration of an interest in and recovery of such real property." The California court must have control over the Texas Properties in order to proceed with the California Lawsuit and grant the requested relief. *Princess Lida*, 305 U.S. at 280. The present case may also be construed as quasi in rem given its quiet title and declaratory judgment

claims related to the *Lis Pendens*. *See Humble Oil & Refining Co. v. Sun Oil Co.*, 191 F.2d 705, 718 (5th Cir. 1951) (finding that a suit to quiet title may be characterized as quasi in rem).

For the reasons set forth above, the "assumption of res" factor weighs in favor of abstention.

**(2) Relative Inconvenience of Forums**

In *Colorado River*, the Court identified "the inconvenience of the federal forum" as a factor for the federal court to consider in deciding whether to dismiss a federal court action because of a concurrent state proceeding. *Colorado River*, 424 U.S. at 818. The Supreme Court in *Moses Cone* clarified the inconvenience factor: the question is not whether the federal forum is inconvenient, but rather whether there is "any contention that the federal forum was any less convenient to the parties than the state forum." *Moses Cone*, 460 U.S. at 19. Thus, the concerns that make up the "inconvenience factor" include the relative locations of the forums, the location of evidence or witnesses, and the availability of compulsory process. *Evanston Insurance Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir. 1988).

The actions at issue are in different geographic locations that are not close in proximity, making the issue of convenience relevant. *Primerica Life Insurance Co. v. Twyman*, 2002 WL 83750 at *3 (N.D.Tex. Jan.14, 2002). While MidTexas is a Texas corporation, all of the Firestone parties reside and / or have the principal places of business in California. Virtually all the key witnesses reside in California. Most of the key documents with respect to the money transfers are located in California. All of the Firestone Parties' documents are located in California. In short, access to key sources of proof clearly favor the California Lawsuit.

The inconvenience of the federal forum is sufficiently great so as to point toward abstention.

**(3) Piecemeal Litigation**

These cases involve piecemeal litigation, i.e., there is "more than one plaintiff, one defendant, and one issue." *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir.1994). Specifically, other than MidTexas, none of the seventeen defendants in the California Lawsuit are parties to this action. Further, the Firestone Parties have asserted eighteen causes of action in the California Lawsuit, none of which have been asserted in this case. Thus, the prevention of piecemeal litigation, as opposed to duplicative litigation, is at issue here.

Furthermore, as the California Court has assumed jurisdiction over the Texas Properties, there is a danger of inconsistent rulings in this case.

As staying the present action would avoid "piecemeal" litigation and the risk of conflicting results, this factor weighs in favor of abstention.

**(4) Order in Which Jurisdiction was Obtained**

The priority element of the *Colorado River/Moses H. Cone* balance " 'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.' " *Evanston*, 844 F.2d at 1190 (quoting *Moses H. Cone*, 460 U.S. at 21). As noted by *Moses H. Cone*, *Colorado River* illustrates this point well. *Moses H. Cone*, 460 U.S. at 21-26. There, the federal suit was actually filed first. Nevertheless, the "priority" factor favored dismissal due to "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss." 424 U.S. at

820; *see also Colorado River*, 424 U.S. at 820 (holding that the absence of any proceedings in the federal court case, other than the filing of the complaint, favors abstention).

Here, the state court obtained jurisdiction over seven months before this case was filed in federal court.[5] Discovery is underway in the California Lawsuit, albeit delayed by some of the defendants' motions to transfer venue, MidTexas's challenge to personal jurisdiction, seven of the MidTexas Related Parties' filings for general demurrer. (App. p. 4). The Firestone Parties have received and responded to document requests, interrogatories and requests for admission. (App. p. 4). The Firestone Parties have also served on MidTexas and several of the other MidTexas Related Parties notices for the deposition for their custodian of records and requests for production of documents. (App. p. 4).

By contrast, the instant case has not advanced beyond the filing of the petition, answer, and Joint Status Report, and no discovery has taken place thus far. (App. p. 4).

The substantial difference in the progress of the state and federal actions weighs heavily in favor of abstention. *See, e.g., Bates v. Van Buren Township*, 122 Fed. Appx. 803, 807-08 (6th Cir. 2004) (finding that a substantial difference in the relative advancement of the state and federal proceedings justified abstention).

---

[5] Despite MidTexas's contentions, it appears from the state court documents provided in the Joint Appendix that the Pasadena Court declined to take jurisdiction over the relevant claims for recovery of the Texas Properties, and those claims were not dismissed, but refiled on June 27, 2005 in the state court where they are now pending. (*See* App. pp. 64-67). Defendants asked the Plaintiff's counsel to accept service of the Amended Complaint on July 18, 2005. (*See* App. pp. 64-67). Therefore, the Defendants' claims have been pending virtually continuously. As noted by one federal district court, the court must evaluate the "priority" factor " 'with a view to the *realities of the case at hand*' [that] entails an examination of the very nature of the parallel disputes and *a grasp of their true relationship to one another.*" *Delta Development and Const. Co. v. Savings One Ass'n*, 637 F.Supp. 629, 632 (S.D. Fla.1986) (emphasis added).

**MEMORANDUM OPINION AND ORDER – PAGE 12**

**(5) Whether and to What Extent Federal Law Provides the Rules of Decision on the Merits**

The absence of a federal-law issue does not necessarily counsel in favor of abstention. *Evanston*, 844 F.2d at 1193. As the Supreme Court stated in *Moses Cone*, "our task. . . is not to find some substantial reason for the exercise of federal jurisdiction." *Moses H. Cone*, 460 U.S. at 25-26. The presence of a federal law issue "must always be a major consideration weighing against surrender [of jurisdiction]," but the presence of state law issues weighs in favor of surrender only in rare circumstances. *Id.*

Here there are no federal law issues, and Texas law would only govern MidTexas's attempt to cancel the *Lis Pendens*.

As there are no federal law issues present here, yet simultaneously no showing of how this is an exceptional circumstance warranting abstention, the "federal law" factor plays as a neutral consideration.

**(6) The Adequacy of the State Proceedings in Protecting the Rights of the Party Invoking Federal Jurisdiction.**

The Supreme Court has declared that when a district court dismisses or stays under the Colorado River doctrine, "it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." *Moses H. Cone*, 460 U.S. at 28 (citations omitted). In other words, abstention under Colorado River incorporates the federal court's contemplation that it will have nothing further to do in resolving any substantive part of the case.

There is certain indication in the instant case that MidTexas's interests would not be adequately protected in state court. MidTexas would have to file its claims in this action in the California Lawsuit.

It is clear, however, that this factor "can only be a neutral factor or one that weighs against, not for, abstention." *Moses H. Cone*, 460 U.S. at 26. This factor therefore remains neutral.

## CONCLUSION

After carefully balancing the relevant factors, the court determines that "exceptional circumstances" warrant staying this litigation in favor of the pending state court proceeding. Accordingly, this action should be stayed pending the final resolution of the state court proceeding.[6]

Defendants' motion to stay is granted. This case is hereby stayed pending the final resolution of a substantially similar. By separate order issued today, the court will direct the clerk to administratively close this case for statistical purposes.

It is so ORDERED.

---

[6] Even if abstention is not warranted under the Colorado River doctrine, a federal court has the inherent power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 203 (5th Cir.1983), quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Fifth Circuit has specifically recognized that district courts have inherent power to stay a federal lawsuit in favor of a concurrent state court proceeding even when other standards for abstention are not strictly met. *See id.*; *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 679-82 (5th Cir. 1973). The exercise of the court's inherent power is warranted in this case.

Signed: August 9, 2006.

_____

JERRY BUCHMEYER
SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS